# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TESS ANDRIATTI, 286347, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-874-WSD-GGB |
| SHERIFF JOE CHAPMAN, et al., | : | |
|     Defendants. | : | |

_____    _____

| | | |
|---|---|---|
| TESS ANDRIATTI, 286347, | : | HABEAS CORPUS |
| | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-875-WSD-GGB |
| SHERIFF JOE CHAPMAN, et al., | : | |
|     Respondents. | : | |

_____    _____

| | | |
|---|---|---|
| TESS ANDRIATTI, 286347, | : | PETITION FOR MANDAMUS |
| | : | 28 U.S.C. § 1361 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-876-WSD-GGB |
| SHERIFF JOE CHAPMAN, et al., | : | |
|     Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION AND ORDER

Tess Andriatti is a detainee in the Cobb County Adult Detention Center, where she is awaiting probation revocation proceedings following her arrest in

Walton County.  *See* http://www.cobbsheriff.org/inmate/inquiry.asp?soid=&inmate_name=Andriatti&serial=&qry=In+Custody (last viewed April 1, 2014).

In December 2013, Ms. Andriatti filed a habeas corpus petition and a petition for a writ of mandamus, naming Neal Warren, the Sheriff of Cobb County, as the Respondent.  *See Andriatti v. Warren*, No. 1:13-CV-4031-WSD (N.D. Ga. Dec. 4, 2013) ("*Andriatti Habeas I*"); *Andriatti v. Warren*, No. 1:13-CV-4033-WSD (N.D. Ga. Dec. 4, 2013) ("*Andriatti Mandamus I*").  I issued Final Reports and Recommendations, recommending that both cases be dismissed with prejudice.  *See id.*  Those Final Reports and Recommendations remain pending.

In March 2014, Ms. Andriatti filed the three cases listed in the caption, which I will refer to as *Andriatti Civil Rights I*, *Andriatti Habeas II*, and *Andriatti Mandamus II*, respectively.  Ms. Andriatti now names Joe Chapman, the Sheriff of Walton County, as the lead Respondent, but otherwise repeats the same arguments she made in *Andriatti Habeas I* and *Andriatti Mandamus I*.

I **RECOMMEND** that *Andriatti Civil Rights I* be **DISMISSED** for failure to state a claim upon which relief may be granted because Ms. Andriatti left the "Statement of Claim" and "Relief" sections of the complaint form blank.  *See Andriatti Civil Rights I* [Doc. 1 at 4]; *see also* 28 U.S.C. § 1915A.

I note that Ms. Andriatti also failed to sign her complaint.  *See Andriatti Civil Rights I* [Doc. 1].  If it was Ms. Andriatti's intention to proceed on a § 1983 complaint, she is **ORDERED** to submit a *fully-completed* and *signed* § 1983 complaint form before the expiration of the objection period for this Final Report and Recommendation.  *See also* Fed. R. Civ. P. 11(a) ("The court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.") (emphasis added).

I **RECOMMEND** that *Andriatti Habeas II* be **DISMISSED WITH PREJUDICE** for the same reasons set forth in my Final Report and Recommendation in *Andriatti Habeas I*.  *See Andriatti Habeas I* [Doc. 3 therein].  Indeed, in her objections to the Final Report and Recommendation in *Andriatti Habeas I*, Ms. Andriatti confirmed that she *still* has not exhausted available state remedies by seeking state habeas relief.  *See id.* [Doc. No. 6 therein at 2].

Finally, I **RECOMMEND** that *Andriatti Mandamus II* be **DISMISSED WITH PREJUDICE** for the same reasons set forth in my Final Report and Recommendation in *Andriatti Mandamus I*.  *See Andriatti Mandamus I* [Doc. 10 therein].  A federal district court lacks jurisdiction to order state officials to provide Ms. Andriatti the relief that she seeks in her mandamus petition.

3

I **GRANT** Ms. Andriatti permission to proceed *in forma pauperis* in *Andriatti Civil Rights I*, *Andriatti Habeas II*, and *Andriatti Mandamus II*, solely for the purpose of dismissal.

Because Ms. Andriatti does not meet the standard for the issuance of a Certificate of Appealability ("CoA"), *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), I **RECOMMEND** that a CoA be **DENIED** in *Andriatti Habeas II*.

I **DIRECT** the Clerk to terminate the referral of these cases to me.

**IT IS SO RECOMMENDED AND ORDERED**, this 1st day of April, 2014.

                                                            /s/ Gerrilyn G. Brill
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)