IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TESS HOLLIS ANDRIATTI,

                            Plaintiff,

        v.                                              1:14-cv-876-WSD

SHERIFF JOE CHAPMAN and
JUDE K. WYNNE,

                            Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final

Report and Recommendation [3] ("R&R").  The R&R considers Plaintiff Tess

Hollis Andriatti's ("Plaintiff") Complaint for Mandamus Relief [1] ("Complaint").

The Magistrate Judge recommended that the Complaint be dismissed pursuant to

28 U.S.C. § 1915A.  Also pending before the Court is Plaintiff's "Motion for

Default Judgment as to Joe Chapman [6] ("Motion for Default").

## I.    BACKGROUND

On March 26, 2014, Plaintiff, an inmate at the Cobb County Adult Detention

Center in Marietta, Georgia, filed her Complaint, requesting that the Court issue a

writ of mandamus "against Judge Wynne and Sheriff Joe Chapman and the clerk of

the Court in order to compel the clerk of the Court to issue [a] Writ of Habeas

Corpus in this case." (Complaint at 1). Plaintiff states that she has been imprisoned against her will for a "victimless crime," and that the state court lacks personal jurisdiction over her because she is a 69-year-old woman. (Id.). The Court construes Plaintiff's Complaint as a request that the Court issue a writ of mandamus compelling the state court to release her from custody.

On April 1, 2014, the Magistrate Judge recommended that the Complaint be dismissed with prejudice. The Magistrate Judge noted that Plaintiff raised the same claims and sought the same relief in an earlier proceeding (13-cv-4033), and recommended dismissing this case for the same reasons set forth in the Magistrate Judge's prior Report and Recommendation, specifically that the Court did not have authority to issue a writ of mandamus compelling state officers or the state court to perform their official duties.[1] Petitioner did not object to the Magistrate Judge's R&R. On June 16, 2014, Petitioner filed her Motion for Default Judgment.

## II.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

---

[1]   On November 14, 2014, the Court adopted the Magistrate Judge's R&R in Case No. 13-cv-4033 and dismissed Plaintiff's complaint in that action. (See Andriatti v. Warren, 13-cv-4033, at [23]).

2

judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v.</u>

<u>Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112

(1983).  A district judge "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is

made."  28 U.S.C. § 636(b)(1).  With respect to those findings and

recommendations to which a party has not asserted objections, the district judge

must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d

1093, 1095 (11th Cir. 1983).

     B.    <u>Analysis</u>

    Plaintiff has not filed objections to the Magistrate Judge's finding that her

Complaint fails to state a claim.  The Court thus reviews the Magistrate Judge's

findings and recommendations for plain error.  <u>See</u> <u>Slay</u> 714 F.2d at 1095.  The

Magistrate Judge found that Plaintiff was not entitled to a writ of mandamus to

direct state officers or the state court in the performance of their official duties, and

properly recommended that the Court dismiss the Complaint.  <u>See</u>

<u>Bailey v. Silberman</u>, 226 F. App'x 922, 924 (11th Cir. 2007) (citing 28 U.S.C.

§ 1361 & <u>Moye v. Clerk, DeKalb Cnty. Superior Court</u>, 474 F.2d 1275, 1276 (5th

Cir. 1973)).  The Court finds no plain error in the Magistrate Judge's findings or

recommendations.  See Slay, 714 F.2d at 1095.[2]

**III.    CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final

Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is

**DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment

as to Joe Chapman [6] is **DENIED**.


**SO ORDERED** this 17th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2]    Plaintiff's Motion for Default Judgment is also required to be denied.
Plaintiff does not explain why she is entitled to default judgment.  The Court
assumes that Plaintiff seeks a default judgment based upon Joe Chapman's failure
to respond to her Complaint.  The Court notes that, having determined that
Plaintiff's Complaint fails to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and
must be dismissed, Chapman is not obligated to respond, and default judgment is
not warranted.